IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DUNK LAW FIRM, PLLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-3405 |
| | § | |
| NATIONWIDE MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant, Nationwide Mutual Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Dunk Law Firm, PLLC v. Nationwide Mutual Insurance Company*; Cause No. 2016-55497, in the 234th Judicial District of Harris County, Texas.

## I. BACKGROUND

1.      Plaintiff Dunk Law Firm, PLLC (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 2016-55497, in the 234th Judicial District of Harris County, Texas on August 19, 2016 (the "State Court Action").  *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2.      Defendant appeared and answered on September 14, 2016, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.  *See* Defendant's Original Answer, attached as **Exhibit B**.

3.      Pursuant to 28 USC § 1446(a) and Local Rule 81, a copy of all process, pleadings, and orders served upon Defendant in the State Court Action not otherwise specifically identified as separate exhibits have been requested and will be filed upon receipt.

4.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 234th Judicial District of Harris County, Texas.

5.      Pursuant to 28 USC §§ 1446(b)(3) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of the date Defendant received papers from which it was first able to ascertain that the case is one which is removable, and less than one year after the commencement of this action.  Specifically, on November 16, 2016 Defendant received Plaintiff's demand letter demanding $100,000.00 and a copy of Plaintiff's estimate asserting $36,640.26 in repair costs. *See* Plaintiff's demand letter dated November 16, 2016, attached as **Exhibit C**; Plaintiff's cost of repair estimate, attached as **Exhibit D.**

## II. JURISDICTION

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.      Diversity of Parties**

7.      Plaintiff is a professional limited liability company doing business in Harris County, Texas.  *See* **Exhibit A**, ¶ 2.   Plaintiff is organized under the laws of the State of Texas and maintains a principal place of business in Harris County, Texas.  Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8.      Nationwide Mutual Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the state of Ohio.

9.      Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.      Amount in Controversy**

10.      Plaintiff's Original Petition fails to plead an amount in controversy in compliance with Tex. R. Civ. P. 47.[1] Some courts have deemed plaintiff's failure to comply with rule 47 as evidence the amount of controversy in fact exceeds the jurisdictional threshold.[2]

11.      Furthermore, on November 16, 2016 Plaintiff provided a demand letter demanding $100,000.00 in exchange for a release of all claims in this suit. *See* **Exhibit C**. Plaintiff also provided an estimate asserting $36,640.26 in necessary repair costs. *See* **Exhibit D**. Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling it to a trebling of actual damages under Texas Insurance Code Chapter 541, or an additional $73,280.52.   *See* **Exhibit A,** ¶¶ 23, 30; Tex. Ins. Code sections 541.002 & 541.152.   Finally, Plaintiff's common law exemplary damages claim allows for recovery of noneconomic damages up to $200,000.   See **Exhibit A,** ¶¶ 11-12, 30; Tex. Civ. Prac. & Rem. Code § 41.008(b)2.   Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[3]

12.      Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* **Exhibits A, C, D**.   Therefore the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[1]      Tex. R. Civ. P. 47(b) - (c).

[2]      The courts held that "[s]uch manipulation is surely characterized as bad faith."   *Garcia v. Kellogg USA, Inc.,* No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar,* 47 F.3d at 1410)); *see also Villarreal v. State Farm Lloyds,* No. 7:15-CV-292, 2015 WL 5838876 (S.D. Tex. Oct. 7, 2015).

[3]      *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

### III. CONCLUSION

13.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

14.     WHEREFORE, Defendant Nationwide Mutual Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District Bar No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT
NATIONWIDE MUTUAL INSURANCE
COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District Bar No. 1117137
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested this the 17th day of November, 2016 to:

Brenna L. Sanchez                                         <u>***7196 9008 9111 1861 6796***</u>
The Dunk Law Firm, PLLC
4505 Caroline Street
Houston, Texas 77004
brenna@dunklawyers.com

                                <u>*/s/ Patrick M. Kemp*               </u>
                                  Patrick M. Kemp