# Exhibit A



**CORPORATION SERVICE COMPANY**

**null / ALL**
**Transmittal Number: 15565857**
**Date Processed: 08/29/2016**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Kevin Jones<br>Rebecca Lewis<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | Nationwide Mutual Insurance Company<br>Entity ID Number  3277054 |
| **Entity Served:** | Nationwide Mutual Insurance Company |
| **Title of Action:** | Dunk Law Firm PLLC vs. Nationwide Mutual Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Attorney, Texas |
| **Case/Reference No:** | 201655497 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/29/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | The Dunk Law Firm, PLLC<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

82416
CAME TO HAND:
DELIVERED: 8/25/16
by _____ AEW

CAUSE NO.   201655497

RECEIPT NO.                                    0.00          CIV
          **********                                 TR # 73279380

| | |
|---|---|
| PLAINTIFF: DUNK LAW FIRM PLLC | In The    234th |
|                    vs. | Judicial District Court |
| DEFENDANT: NATIONWIDE MUTUAL INSURANCE COMPANY | of Harris County, Texas |
| | 234TH DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: NATIONWIDE MUTUAL INSURANCE COMPANY (FOREIGN INSURANCE COMPANY) BY
    SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY DBA CSC LAWYERS
    INCO
    211 EAST 7TH STREET STE 620   AUSTIN  TX  78701 - 3218
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 19th day of August, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 22nd day of August, 2016, under my hand and
seal of said Court.

Issued at request of:                    CHRIS DANIEL, District Clerk
SANCHEZ, BRENNA LYNN                     Harris County, Texas
4505  CAROLINE                           201 Caroline, Houston, Texas 77002
HOUSTON, TX  77004                       (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 223-1435
Bar No.: 24068039                        Generated By: OVALLE, MONICA  K7U//10463791

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _____

_____        _____

                                                _____ of _____County, Texas

_____                By _____
          Affiant                                          Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                                _____
                                                          Notary Public

N.INT.CITR.P                       *73279380*

8/19/2016 3:24:47 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12273043
By: Monica Ovalle
Filed: 8/19/2016 3:24:47 PM

# 2016-55497 / Court: 234

CAUSE NO. _____

| | | |
|---|---|---|
| DUNK LAW FIRM, PLLC | § | IN THE DISTRICT COURT |
|     *Plaintiff* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONWIDE MUTUAL INSURANCE | § | |
| COMPANY | § | |
|     *Defendant* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DUNK LAW FIRM, PLLC, Plaintiff in the above-styled and numbered cause, complaining of NATIONWIDE MUTUAL INSURANCE COMPANY and would respectfully show the Court as follows:

### I. PARTIES

2.	Plaintiff is a professional liability company doing business in Harris County, Texas.

3.	Defendant, NATIONWIDE MUTUAL INSURANCE COMPANY, (hereafter "NATIONWIDE") is a foreign insurance company registered with the Texas Department of Insurance, and may be served with process upon its registered agent: Corporation Service Company at 211 East 7th Street, Ste. 620, Austin, TX 78701-3218.

### III. JURISDICTION AND VENUE

4.	Venue is proper in Harris County, Texas, because the contract giving rise to this suit and every breach thereof occurred in Harris County, Texas.

5.	The Court has jurisdiction over this controversy because the amount in controversy exceeds the minimal jurisdictional limits of this Court.

---

## IV. FACTS

6.      Plaintiff is the covered-insured on policy no. ACP BPOM5524726371 ("the Policy") issued to it by Defendant. The policy provides coverage for dwelling, other structures, personal property, personal property off premises, personal liability and medical payments to others.

7.      DUNK LAW FIRM, PLLC (hereafter "DUNK"), owns the property at 4505 Caroline Street, Houston, Texas 77004. The property was damaged by weather-related water on or about September 10, 2014. After the damages were realized, Plaintiff contacted its insurer about the damage. On October 31, 2014, Defendants sent an engineer selected by Nationwide (rather than a claims adjuster), who immediately determined that none of the damage was covered under the policy.

8.      In June, 2016, Plaintiff sought the services of a public adjuster, and Nationwide again sent an engineer. With the assistance of the public adjuster, the second engineer was persuaded to admit to there being SOME damage due to the storm, but that the damage was less than the deductible for such loss, denying the claim yet again.

9.      Plaintiffs made a claim under the policy for benefits due to them under their policy. Plaintiffs complied with the terms of the policy and the requests of the Defendant and cooperated fully with the Defendant's investigation of the claim. Plaintiffs claim for the structural damage was effectively denied on November 10, 2014, despite the evidence substantiating the damages.

10.     Plaintiff has complied with every condition precedent with bringing this lawsuit, with the exception of providing 60 days advance notice of filing suit under the DTPA. Plaintiff pleads under Tex. Civ. Prac. & Rem. Code § 17.505(c) that this notice was rendered impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations.

## V. LIABILITY OF DEFENDANTS

### A.    BAD FAITH

11.    Defendants breached their duty of good faith and fair dealing with Plaintiffs in refusing to pay for the repair cost and/or replacement cost of the structural damage caused by the weather-related water. Plaintiffs and Defendants were in an insurer/insured relationship by virtue of the insurance contracts.

12.    Defendants knew or should have known that coverage was reasonably clear under the policy at issue and that the damages claimed by Plaintiffs flowed directly from the incident and were reasonable. Defendants' actions are the producing and proximate causes of the Plaintiffs damages.

### B.    VIOLATION OF TEXAS INSURANCE CODE

13.    Plaintiff, the beneficiary of the policy at issue, is a "person" as that term is defined by the Tex. Ins. Code § 541.002(2).

14.    Defendants are the issuers of the policy at issue, and is a "person" as that term is defined in Tex. Ins. Code § 541.002(2).

### 1.    Violation of Tex. Ins. Code Chapter 541

15.    Tex. Ins. Code Ch. 541 D is violated if Subchapter B is violated. Tex. Ins. Code Ch. 541 Subchapter B prohibits making, issuing, or causing to be made statements misrepresenting the terms, benefits, and nature of an insurance policy. Defendants misrepresented the terms, benefits, and nature of the policy issued for the benefit of Plaintiffs. Defendants failed to pay Plaintiffs reasonable expenses and damages after their full cooperation and in spite of documentary substantiation of their losses. Defendants violated Ch. 541 Subchapter D by virtue of violating Ch. 541 Subchapter B in at least the following ways:

a.    misrepresenting the terms of the insurance policy issued in favor of Plaintiffs;

b.    misrepresenting the benefits and advantages secured by the policy: specifically, the policy entitled Dunk Law Firm to recover its "property damages;"

c.    misrepresenting the nature of the insurance policy at issue by using a deceptive name and/or title;

d.    making untrue statements of material fact about the nature of the benefits provided by the policy, specifically, that it would pay for Dunk Law Firm's property damage;

e.    leaving out material facts concerning the benefits provided for by the policy, specifically that it would not pay for Dunk Law Firm's roof damages caused by weather-related water, such that other terms of the policy were rendered misleading by the omission;

f.    making statements concerning the benefits provided for by the policy in a way that would lead a reasonably prudent person to make a false conclusion about the nature of the benefits;

g.    not attempting in good faith to bring about a prompt, fair, and equitable settlement despite the fact that liability and extent of damages were reasonably clear;

h.    failing, within a reasonable time, to affirm or deny coverage of the claim to Dunk Law Firm;

i.    refusing to pay Plaintiff's claim without conducting a reasonable investigation.

16.    These violations, alternatively, singularly, and/or in combination, were the producing and proximate causes of Plaintiffs' damages.

## 2.    *Violation of Tex. Ins. Code Chapter 542 (Failure to Promptly Pay)*

17.    The preceding paragraphs are incorporated by reference.

18.    Plaintiffs have claims for property damage under the policies. Plaintiffs gave proper notice of the incident to Defendants and Defendants are liable under the policies by virtue of the damages caused by the storm on or about September 10, 2014.

19.    Defendants violated Chapter 542, Subchapter B by not timely and fully paying the claim.

## C.    DECEPTIVE TRADE PRACTICES

20.    The preceding paragraphs are incorporated herein as if fully re-stated.

21.    Likewise, Defendants violated Chapter 541 D because Defendants violated the Texas Deceptive Trade Practices Act and Plaintiffs are consumers as that term is defined in the Act.

22.    Defendants violated Tex. Bus. & Com. Code §17.46 et seq in the following ways:

    a.    misrepresented that the policy would be payable upon loss incurred;

    b.    represented that the policy conferred rights, remedies, and obligations that Defendants now claim do not exist, namely that the benefits promised in the policy would be paid to compensate Dunk Law Firm for its property damage.

23.    Moreover, the violations of the Texas Deceptive Trade Practices Act were committed knowingly and/or intentionally.

24.    Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiff to Plaintiff's detriment.

25.    Plaintiffs have timely notified Defendants of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code by letter dated November 15, 2013, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

## D.    BREACH OF CONTRACT

26.    Plaintiff and Defendant entered into a valid insurance contract.

27.    Plaintiff paid consideration in the form of payment of premiums.

28.    Defendant breached its obligations under the contract by failing to pay the claims under the terms of the policy. Defendants' breach has caused Plaintiffs' damages.

**E.     ATTORNEY FEES**

29.     As a result of Defendant's breach and deceptive practices, Plaintiff has incurred reasonable attorney fees in relation to the prosecution of this matter on its behalf.

## VI.  DAMAGES

30.     As a result of foregoing, Plaintiffs have suffered actual damages, including loss of the use and enjoyment of its business premises, and monetary damages, past and future mental anguish and punitive damages (in the form of trebled damages) by virtue of Defendant's knowing and/or intentional violations of the DTPA and Chapter 541, subchapter D. Plaintiffs are further entitled to statutory damages under Chapter 542, subchapter B at a rate of 18% per annum. Plaintiffs request relief under Tex. R. Civ. P. 49(c)(5).

## VII.  REQUEST FOR DISLOSURE

29.     Plaintiff requests that Defendant respond to the disclosure requests contained in Tex. R. Civ. P. 192.4(a) – (l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the cause of action be remanded to the State Court for further proceedings, and for judgment against Defendant for:

    a.    Actual and economic damages;
    b.    Statutory damages (18% of claim per annum);
    c..   Mental Anguish damages;
    d.    Treble damages
    e.    Reasonable attorney fees;
    f.    Pre-judgment and post-judgment interest as at the highest rate allowed by law;
    g.    Costs of suit; and
    h     All other relief, in law and equity, to which Plaintiffs may be justly entitled.

Respectfully Submitted,

**THE DUNK LAW FIRM, PLLC**

Brenna L. Sanchez
State Bar No. 24068039
4505 Caroline Street
Houston, Texas 77004
(713) 223-1435
(713) 223-1438 (fax)
brenna@dunklawyers.com

LONE STAR ATTORNEY SERVICE
6065 HILLCROFT, SUITE 406
HOUSTON, TX 77081

CERTIFIED MAIL

7016 1370 0001 4577 7969

UNITED STATES
POSTAL SERVICE®

1000                    78701

U.S. POSTAGE
PAID
HOUSTON, TX
77057
AUG 25, 16
AMOUNT
**$6.68**
R2305K131650-04

NATIONWIDE MUTUAL INSURANCE
COMPANY C/O CORPORATION SERVICE
COMPANY DBA CSC LAWYERS INCO
211 EAST 7TH STREET, STE 620
AUSTIN, TX 78701